IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON V. SIMS, *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> DR. LAUREL R. HARRY, <br><br> Defendant. | CIVIL ACTION <br><br><br> NO. 24-2030-KSM |

<u>MEMORANDUM</u>

MARSTON, J.                                                                                                                         October 17, 2024

      *Pro se* Plaintiffs Durrell H. Cotton, Jr., and Aaron V. Sims are currently incarcerated at SCI Phoenix. They bring breach of contract and related claims against the Secretary of the Pennsylvania Department of Corrections, Dr. Laurel R. Harry. (*See* Doc. No. 1.) Both Plaintiffs seek to proceed *in forma pauperis*. Because Cotton failed to comply with the Court's June 10, 2024 Order, directing him to file an individual motion to proceed *in forma pauperis*, his claims will be screened pursuant to 28 U.S.C. § 1915A and dismissed. (*See* Doc. No. 5.) Sims did comply with the June 10 Order. (*See* Doc. Nos. 7, 8.) Because it appears that he is incapable of paying the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.[1] Sims's claims will thus be screened pursuant to 28 U.S.C. § 1915(e) and also dismissed.

---

[1] Although the Court grants Sims's request to proceed *in forma pauperis*, he is still required to pay the filing fee in full in installments. *See* 28 U.S.C. § 1915(b)(1) (explaining that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" when funds exist).

I.   **BACKGROUND**[2]

On February 11, 2024, Plaintiffs sent Secretary Harry a "demand contract" via the Clerk of Court of Allegheny County. (Doc. No. 1 at 2.) Among other items, the "contract" contained provisions establishing "trust funds" that would be controlled by Plaintiffs and funded by the Commonwealth of Pennsylvania to the tune of $64 billion. (*Id.* at 4.) The "contract" also stated that the two men would be released from the Restricted Housing Unit ("RHU") at SCI Phoenix. (*Id.* at 2.)

Secretary Harry never responded to Plaintiffs' mailing. Plaintiffs argue that she nevertheless "accepted the terms" of the "contract" because the document provided that Secretary Harry's "silence would constitute [her] acceptance and agreement of the entire contract." (*Id.*)

On April 22, 2024, Plaintiffs filed their Complaint in this Court. (*See generally id.*) They contend that Secretary Harry breached the "contract," acted negligently, and violated their federal constitutional rights, when she failed to abide by the terms of the "contract" and when she failed to release them from the RHU. (*Id.* at 2–3.) They request specific performance, allowing them to form and operate "their 'MOVE' organization," establishing the trust funds valued at $64 billion, implementing a new menu at SCI Phoenix funded by the trust funds, purchasing tablets for all inmates in Pennsylvania with the trust funds, and facilitating various other "outside vendor purchases." (*Id.* at 4.) They also request punitive damages totaling $7 million to be paid exclusively in "U.S. silver dollars." (*Id.* at 5.)

---

[2] The facts set forth in this Memorandum are taken from the Complaint (Doc. No. 1). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

The Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2)(B) (outlining the situations under which the "court shall dismiss the case" "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid"); *id.* § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019) (discussing these provisions).  Notably, the PLRA requires dismissal if a complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(i) ("[T]he court *shall* dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915A and § 1915(e) "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* These sections accord judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  And a claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Because Plaintiffs are proceeding *pro se*, the Court liberally construes their allegations. *See Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.  DISCUSSION

Plaintiffs bring state law claims for breach of contract and negligence. They also assert violations of the Eighth, Tenth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.[3] Plaintiffs state law and federal claims are based on the same underlying assumptions, i.e., that Secretary Harry entered a "contract" with them when she failed to respond to their mailing, and she breached that "contract" when she failed to accept "trust funds" and release Plaintiffs from the RHU. We begin by reviewing Plaintiffs' state law claims because our discussion on those issues informs our analysis of Plaintiffs' federal claims.

####   A.   State Law Claims

As noted above, Plaintiffs bring state law claims for breach of contract and negligence.

#####    1.   *Breach of Contract*

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Here, Plaintiffs have failed to plead the existence of a contractual relationship: "offer, acceptance, and consideration

---

[3] Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

or a mutual meeting of the minds." *Ribarchak v. Municipal Auth. of City of Monongahela*, 44 A.3d 706, 708 (Pa. Commw. Ct. 2012).

Plaintiffs appear to concede that Secretary Harry did not explicitly accept the terms of the "contract," arguing instead that Secretary Harry's silence upon receiving the "contract" operated as acceptance. (Doc. No. 1 at 2.) But Plaintiffs have not alleged any facts which would support that conclusory assertion. *See Long v. Accentra, Inc.*, 3029 EDA 2011, 2013 WL 11266923, at *7–8 (Pa. Super. Ct. Apr. 18, 2013) (explaining that "silence and inaction operate as an acceptance" only in three limited circumstances, including, in relevant part, where "the offeree in remaining silent and inactive intends to accept the offer," or where "because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if [s]he does not intend to accept" (first quoting Restatement (Second) of Contracts § 69, then citing *Johnston the Florist, Inc. v. TEDCO Const. Corp.,* 657 A.2d 511, 516 (Pa. Super. Ct. 1995) (*en banc*) (applying Restatement § 69))). Notably, Plaintiffs have not alleged either that Secretary Harry's silence indicated an intent to be bound by their offer, or that they had previous dealings with Secretary Harry, which would render acceptance by silence reasonable.

Because Plaintiffs assertion that a contract existed between them and Secretary Harry is legally baseless, the Court finds their breach of contract claims frivolous and dismisses them with prejudice.

    2. *Negligence*

Plaintiffs' negligence claims are equally frivolous. "Negligence is established by proving the following four elements: '(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.'" *Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super. Ct. 2005) (quoting *Estate of*

*Swift by Swift v. Ne. Hosp.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997)). Here, Plaintiffs claim that Secretary Harry owed them a duty under the alleged contract, a premise which the Court has already rejected. (*See* Doc. No. 1 at 3 (claiming Secretary Harry "was negligent in his duty to them, as was an obligation of his pursuant to their contract").)

And even if Plaintiffs had shown the existence of a contract, their negligence claims would still fail because in Pennsylvania, the economic loss doctrine bars a plaintiff from recovering tort damages for economic losses stemming solely from a breach of contract. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3rd Cir. 2021). That doctrine prohibits claims "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015) (internal quotations omitted). Plaintiffs' negligence claims clearly fall within the doctrine's prohibitions.

Accordingly, Plaintiffs' negligence claims are also dismissed with prejudice.

### B. Federal Constitutional Claims

That leaves Plaintiffs' § 1983 claims for violations of the Eighth, Tenth, and Fourteenth Amendments.

Plaintiffs contend that Secretary Harry violated their rights under these Amendments when she failed to perform under the "contract." (*See* Doc. No. 1 at 1 (claiming Secretary Harry "violated the rights of both plaintiffs spelled out in their contracts [sic] and violated plaintiffs['] 8th [A]mendment rights in failing to free them from cruel punishment, as demanded in the

attached" contract and alleging Secretary Harry "depriv[ed] plaintiffs of their rights that the contracts created, 14th amendment rights in that [s]he abridged reserved privileges spelled out in the contracts and failed to provide them equal protection of the constitutional law, which served as injury of plaintiffs rights"); *id.* at 3 (alleging Secretary Harry's "failure to perform according to the Correspondence received by Aaron V. Sims . . . violated the rights of both plaintiffs spelled out in their contracts and violated . . . their 10th and 14th amendment rights under the U.S. Constitution, in [her] failure to protect and honor their reserved rights in their contracts and [her] abridgment of their rights in dishonoring the contracts, thereby depriving plaintiffs of their liberty to contract, their contractual rights, and equal protection of the law of contracts.").)

Again, these claims fail because Plaintiffs have failed to allege that a contract existed. And even if they could allege a valid contract existed, violations of its terms do not automatically give rise to federal constitutional claims. *See Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1398 (3d Cir. 1991) ("It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim." (quoting *San Bernardino Physicians' Servs. Med. Grp. v. San Bernardino Cnty.*, 825 F.2d 1404, 1408 (9th Cir. 1987)).

To the extent Plaintiffs meant to assert constitutional claims unrelated to the alleged contract, those claims also fail. First, Plaintiffs have failed to show that their continued placement in the RHU violated their Eighth Amendment rights. (*See* Doc. No. 1 at 3.) Prisoners do not have inherent constitutional due process rights to placement in particular prisons, security classifications, or housing assignments. *See Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16

(M.D. Pa. July 12, 2016) (quoting *Booze v. Wetzel*, No. 1:CV-13-CV-2139, 2015 WL 5173937, at *13 (M.D. Pa. Sept. 2, 2015)). Second, "[t]he Tenth Amendment has never been recognized as independently securing any substantive constitutional rights cognizable in a § 1983 cause of action." *Bervinchak v. E. Hempfield Township*, No. 5:20-cv-05421, 2021 WL 2525561, at *3 (E.D. Pa. June 21, 2021) (quotation marks omitted); *accord, e.g.*, *Monche v. Grill*, No. 3:22-CV-1516, 2023 WL 2198631, at *9 (M.D. Pa. Feb. 2, 2023). Third, Plaintiffs have not explained how they were allegedly denied "equal protection" as guaranteed by the Fourteenth Amendment, nor have they alleged facts to support such a claim. *Green v. Chester Upland Sch. Dist.*, 89 F. Supp. 3d 682, 693 (E.D. Pa. 2015) ("To meet the prima facie elements" of a § 1983 equal protection claim, "Plaintiff must allege that he was: (1) a member of a protected class; (2) similarly situated to members of an unprotected class; and (3) treated differently from members of the unprotected class.").

Accordingly, Plaintiffs' § 1983 claims are also dismissed with prejudice.

## IV.   CONCLUSION

For the reasons given above, the Court grants Sims leave to proceed *in forma pauperis* and dismisses the Complaint as to both Sims and Cotton as frivolous, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). *See Brown*, 941 F.3d at 660. Because the Court concludes that amendment of the Complaint would be futile, the dismissal is with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.